J-S05008-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
EDWARD LEE SMITH, :
:
Appellant : No. 1243 WDA 2014

Appeal from the Judgment of Sentence June 13, 2014,
Court of Common Pleas, Crawford County,
Criminal Division at No. CP-20-CR-0001090-2013

BEFORE: DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 06, 2015**

Edward Lee Smith ("Smith") appeals from the judgment of sentence of the Court of Common Pleas, Crawford County, following a plea of *nolo contendere* to the charge of burglary, 18 Pa.C.S.A. § 3502(a). For the reasons that follow, we affirm.

A brief summary of the relevant facts and procedural history is as follows. On August 29, 2012, Jeffrey Maseman ("Maseman") entered his home to find Smith and an unidentified individual standing in the living room, with the house in disarray. After Maseman retrieved his shotgun, Smith and the unidentified individual fled from the home, allegedly with Maseman's daughter's iPod. Police were able to acquire fingerprints from a window that matched those of Smith.

On April 28, 2014, Smith entered a plea of no contest to the charge of burglary, 18 Pa.C.S.A. § 3502(a).[1] On June 13, 2014, the trial court sentenced Smith to 42-84 months of incarceration. Smith filed a motion for modification/reduction of sentence on June 23, 2014, which the trial court denied on June 24, 2014. Smith filed a timely notice of appeal to this Court on July 22, 2014.

On August 15, 2014, Smith filed a statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, wherein he raises the following issue for our review:

> 1. Whether the [trial c]ourt abused its discretion in sentencing [Smith] to a term of forty-two to eighty-four months in this case.

Smith's Brief at 4.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[1] The Commonwealth *nolle prossed* the charges of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii), and theft by unlawful taking, 18 Pa.C.S.A. § 3921(a).

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal*

*denied*, 63 A.3d 774 (2013)).

This Court has held, "[w]here an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal."
*Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citing

*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

In this case, Smith filed a timely notice of appeal and preserved his claim on appeal in a post-sentence motion as well as in his Rule 1925(b) statement. Smith also included a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief. The question remaining for our determination, therefore, is whether Smith raised a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.

> A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

In his Rule 2119(f) statement, Smith contends that the trial court imposed a "manifestly excessive and unreasonable sentence." Smith's Brief at 8. Smith "argues that the sentence imposed for his burglary [charge] should have been in the [] low end to the middle of the standard range under the[] facts." *Id.* In support of his argument, Smith asserts that the trial court "focused solely on erroneous facts and characterizations of the crime and disregarded all other factors[,]" when it imposed the sentence, and "that the facts present in this case do not warrant the [trial] court's imposition of such a severe sentence." *Id.* at 9.

This Court has established that "a generic claim that a sentence is excessive does not raise a substantial question for our review." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citing *Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa. Super. 2013)). In addition, it is well settled that "a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, __ A.3d __, 2014 WL 7212598, *5 (Pa. Super.

- 4 -

Dec. 18, 2014); *see also Christine*, 78 A.3d at 10-11 (stating, "an allegation that the trial court failed to consider particular circumstances or factors in an appellant's case go to the weight accorded to various sentencing factors and do not raise a substantial question."). Accordingly, we conclude that Smith has not raised a substantial question.

Finally, this Court has held that when a "sentencing judge imposed sentences that were within the standard range of the applicable guidelines, and that he fully stated his reasons for imposing those sentences, no substantial question has been presented." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005). In the instant case, Smith admits that his sentence is within the standard range of the guidelines, as he contests only that it should have been in the lower rather than the upper end of the range. *See* Smith's Brief at 8. Moreover, the trial court also placed its considerations on the record at the sentencing hearing. The trial court stated that it considered the potential that existed for a violent and deadly encounter considering Maseman grabbed a shotgun upon discovering Smith, "the chilling-type of offense" at issue, the fact that Smith alleges that he took sleeping pills that day and has limited recollection of the events that occurred, and Smith's prior criminal record. N.T., 6/13/14, at 14-15. The trial court, however, expressed that the most critical factor in its determination was the effect of the burglary on Maseman and his family. *See id.* at 15-16.

> …that's just one of the most frightening things that a person can experience to see a stranger in their home – in their home, the place where they have a right to expect to be private and safe and free from intruders and once an intruder is in your home, it's – it's incredibly highly charged and you don't know what they are there for. You don't know if they're going to assault a member of your family, try to kidnap you or one of the members of your family. And unfortunately, those tend to be the type of cases that make the nightly news and cause an amount of worry. So – and then he writes my daughter is afraid to be left alone in the house.
>
> That's an awful thing when your – when your child is telling you, "Gee, dad, don't – don't go away. I – I don't want to be here by myself." Man, this is – this just doesn't call for anything close to a mitigated range sentence. If anything, it is an aggravated sentence but I'm not going to do that. So the sentence order reads as follows.

*Id.*

For these reasons, Smith has not presented a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015

- 6 -